HUNTER, MURPHY & TALBOT *v.* THE GENERAL MUTUAL INSURANCE COM—

PANY OF NEW YORK.

A liability for a general average contribution cannot properly be called a risk; it is an obligation incident to a sacrifice made to avert a risk. It is based upon the equitable rule that no one should enrich himself at another's expense.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.

*Moïse & W. M. Randolph*, for plaintiffs. *Briggs*, for defendant and appellant.

LEA, J. The conceded facts of this case, limit the investigation of the court to a single question of law. The plaintiffs shipped on board the bark Cyane, bound from Richmond to New Orleans, fourteen slaves, which they caused to be insured to the extend of $7075, by the defendants, "solely against loss by drowning in consequence of the stranding or shipwreck otherwise of the vessel, the assurers being warranted against all other risks, and especially against mutiny, elopement, natural death, and the interference of foreign governments on these subjects."

The vessel on which the slaves were embarked, stranded near Abaco, and to save the crew and the remainder of the cargo, including the slaves, a jettison of a portion of the cargo became necessary.

The plaintiffs in this suit seek to recover the amount which they were obliged to pay as their apportionment of a general average contribution. It is contended that, by the special stipulations of the policy, the liability of the insurers is restricted to a loss by drowning in consequence of shipwreck, and as it is not alleged, nor is it the fact, that any of the slaves were drowned, they are not liable under the policy.

It is admitted that the premium was paid, that the jettison was proper, and that the adjustment was correctly assessed. The whole case then turns upon a question of interpretation. Does the clause above quoted release the insurers from a liability to reimburse the assured for the money paid under the average contribution? In the policy, there is a clause specially authorizing the recovery of a general average contribution, but it is urged that this clause forms a part of the printed portion of the policy, and is controlled by the written stipulations restricting the liability of the insurers against any risk, except that of death by drowning.

Had the plaintiffs effected an ordinary insurance upon merchandize, the defendants, in the absence of any restrictive clause, would clearly be liable for the reimbursement. This clause, it appears to us, was clearly intended to designate the specific risk against which the company intended to protect the plaintiffs. But a liability for a general average contribution cannot properly be called a risk; it is an obligation incident to a sacrifice made to avert a risk. It is based upon the equitable rule that no one should enrich himself at another's expense; but it is not itself a risk according to any proper interpretation of that term. Assuming, therefore, that the written stipulations of the contract should control the interpretation of the printed clauses, we can perceive no necessity for the application of such a rule, as the enforcement of both involves no contradiction. And this interpretation is sustained by a consideration of the natural equity of the case. He who participates in the benefit, should divide the burthen of a sacrifice. Jettison is never made except upon the supposed necessity of the sacrifice of a part, for the purpose of saving the remainder of the cargo.

It is admitted that the jettison in this case was properly made. The presumption, therefore, is that, had the jettison not been made, the cargo, including the slaves, would have been lost. The insurers, therefore, were directly benefited by the sacrifice, which was made to avert a loss for which they would otherwise have been liable.

We think there is no error in the judgment appealed from.

Judgment affirmed, with costs.